CITY OF ST. LOUIS *v.* THE KNAPP, STOUT & Co. COMPANY.

*(Circuit Court, E. D. Missouri.* ———, 1881.)

1. INJUNCTION—NUISANCE—NAVIGABLE RIVER.

A court of equity will not enjoin the erection of a runaway for logs, upon the ground that it will divert the course of a navigable river, unless it appears that the threatened structure will be a nuisance *per se.*

2 NUISANCE—RIVER.

A structure in the channel of a river will not necessarily be held subject to abatement as a nuisance.

*Pennsylvania* v. *Wheeling Bridge Co.* 13 How. 518.

3. INJUNCTION—NUISANCE—PARTY TO BILL.

It seems to be well settled that a bill in equity to enjoin or abate a public nuisance must be filed by one who has sustained, or is in danger of sustaining, special damages.—[ED.

On Demurrer to Bill.

*Leverett Bell,* for plaintiff.

*George M. Stewart* and *C. H. Krum,* for defendant.

McCRARY, C. J.   The bill avers that the eastern boundary of the city of St. Louis is and always has been the middle of the main channel of the Mississippi river, and that complainant is the proprietor of the bed of the river within the city limits, and that by its charter the complainant is authorized to construct all needful improvements in the harbor, to control, guide, or deflect the current of the river, and to erect, repair, and regulate public wharves and docks; that by proper ordinance the lines of the wharf have been laid down and established upon a certain piece of real estate in the northern part of the city, particularly described in the bill.

It is further averred that defendant is erecting a saw-mill on its property, and that, for the purposes of hauling logs from the river into its mill, the defendant is erecting a runway for logs, which will extend some hundred feet from the western edge of the water of the river, and is driving piles, as a foundation for the runway, into the bed of the river east of the eastern line of the wharf as established by the city under the ordinance aforesaid; that north and south of the defend-

ant's premises portions of the wharf have been completed, and are being used as landings for boats running on the river; that the effect of driving the piles in the bed of the river and constructing the runway as aforesaid will be to divert the navigable water of the Mississippi river from its natural course, and to throw it east of its natural location, and from along the river bank north and south of said runway and piling.

It is further averred that the construction of said runway will create in front of and upon plaintiff's improved wharf, as aforesaid, a deposit of mud and sediment, so that it will be impossible for boats and vessels engaged in the navigation of the Mississippi river to land at the improved wharf aforesaid, north and south of the defendant's said premises.

The prayer of the bill is that defendant, its agents and servants be forever enjoined from driving piles and constructing its runway east of the western water's edge, in front of defendant's premises; and that it be ordered to remove such piles as it has already driven there, and all portion of said runway already constructed there by it; and that the plaintiff have such other and further relief in the premises as it may be entitled to, etc.

The respondents demur to the bill, and by their demurrer they raise the following questions: *First*, whether the bill, upon its face, shows that the construction of the runway in question will intrude upon plaintiff's rights, and cause special damage; *second*, whether, upon the allegations contained in the bill, complainant is entitled to decree in advance of the construction of the runway, and to prevent its completion.

It will not be necessary, upon the consideration of this demurrer, to finally decide the first question presented. It seems, however, to be well settled that a bill in equity, to enjoin or abate a public nuisance, must be filed by one who has sustained or is in danger of sustaining special damages. It is true that one of many persons, all of whom have been damaged by a public nuisance, may bring a bill in behalf of himself and all others who are in like situation, who are or may be injured; and it is by no means necessary to

join in such suit all persons who have sustained injury; but it is clearly necessary that the complainant should show that he has sustained or is in danger of sustaining individual damage. It is, to say the least, doubtful whether the bill in this case brings the complainant within this rule. *M. & M. R. Co.* v. *Ward*, 2 Black, 485; *Irwin* v. *Dixon*, 9 How. 10.

Upon the second question there is less room for doubt. The respondents are proceeded against to prevent a construction which, it is averred, will be a nuisance if completed. The structure complained of has not been built, but is in the course of construction. The bill avers that, if constructed, it will be an obstruction to navigation, and will result in damage to the complainant. Courts of equity rarely interfere by injunction against threatened nuisances. To justify such interference the case must be clear; that is to say, it must appear that the threatened structure will, if erected, be a nuisance *per se*. If it may or may not become so, a court of equity will not interpose in advance to prevent its erection, especially in a case like the present, where it appears that the structure complained of is about to be erected in the river by a riparian proprietor, who has an undoubted legal right to place it and maintain it there, if his doing so does not interfere with navigation, or damage others. Where it can be said that it is uncertain whether the structure, if erected, would be an obstruction to navigation, or injurious to complainant's rights, equity will not interfere. High on Injunctions, § 488.

It is true that the bill alleges in general terms that the effect of driving the piles in the bed of the river, and constructing the runway as proposed by respondent, will be to divert the navigable water of the river from its natural course, and also to cause the deposit of mud and sediment, so as to prevent boats from approaching it, or landing at the improved wharf provided by complainant. But this is only the expression of an opinion or apprehension on the part of the complainant. The runway, when constructed, may not produce the results apprehended, and it seems to be well settled that it is not enough for the complainant to allege that particular

consequences will follow the erection of the structure complained of. Such facts must be stated as will enable the court to say and determine whether the allegation is well founded. *Adams* v. *Michael*, 38 Md. 123

It is very clear that a public navigable stream must remain free and unobstructed, and that no private individual has the right to place any permanent structure within the navigable channel. *Atlee* v. *The Pkt. Co.* 21 Wall. 389; *State of Pennsylvania* v. *Wheeling Bridge Co.* 13 How. 518.

If the respondent proceeds to construct the runway as proposed, it does so at its own risk, and must understand that, when the same is completed, if it proves to be an obstruction to the free navigation of the Mississippi river, or a special injury to the rights of others, it may be condemned and removed as a nuisance. But it is not every structure in the channel of a river that will be held to be subject to abatement as a nuisance. In the *Wheeling Bridge Case, supra*, a bridge across the Ohio river, constructed without authority from congress, though held to be a nuisance as originally constructed, was allowed by the supreme court to remain, upon the condition that there should be constructed a suitable and practicable draw, so as to afford reasonable facilities for the passage of vessels.

My conclusion in this case is that an injunction cannot be granted upon the allegations of the bill, and that the demurrer thereto must be sustained. The right to proceed against the respondent for erecting a nuisance within the navigable channel of the river will remain to any person or persons having a right to institute such proceedings, in the event that the structure, when completed, shall prove to be a nuisance.